# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN TROCHUCK, and <br> RICHARD HAVENER, <br><br> Plaintiffs, <br><br> vs. <br><br> PATTERSON COMPANIES, INC., and <br> PATTERSON DENTAL CO., <br><br> Defendants. | Case No. 11-cv-290-MJR-DGW |

## ORDER

**REAGAN, District Judge:**

Before the Court is Defendant's motion to dismiss the complaint (Doc. 10), and memorandum in support (Doc. 11). Also before the Court is Plaintiffs' motion for leave to amend the complaint (Doc. 19).

Plaintiffs Steven Trochuck and Richard Havener brought suit against Defendant Patterson Companies, Inc., formerly known as Patterson Dental Company[1], on October 1, 2012, after their jobs with Patterson were terminated (Doc. 2-1). According to the complaint, in October 2008, a representative of Patterson presented each Plaintiff with a document for signature, requiring Plaintiffs to indemnify Patterson for damages and repairs to company owned vehicles. Both Plaintiffs indicated that they thought the demand was illegal, that they would not participate in the procedures for indemnification, and that they would not sign the document. Each Plaintiff also informed Patterson that they believed Patterson was failing to pay full and proper wages, as required by state and federal law, and the strong public policy of Illinois. More

---

[1] Although Patterson Companies, Inc., and Patterson Dental Company are each named as defendants, the Court will refer to them in the singular, as "Patterson."

1

specifically, Plaintiffs cite the Illinois Wage Payment and Collection Act, 820 ILCS 115/9. Both Plaintiffs were suspended on or about November 20, 2008; shortly thereafter, their employment was terminated. Each Plaintiff asserts (1) a claim of common law retaliatory discharge, and (2) a violation of the Illinois Whistleblower Act, 740 ILCS 174/20.

Defendant Patterson is before the Court pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking to dismiss Plaintiffs' complaint for failure to state a claim (Doc. 10). Plaintiffs did not file a response; rather, two days after the response deadline, they moved to amend the complaint (Doc. 19). Oddly, Plaintiffs state that they do not agree that the complaint is deficient, but "instead of subjecting this Court to the intricacies of an unnecessary multi-page … analysis and argument," they simply seek leave to file an amended complaint to address the issues raised by Patterson, and to serve as their response (Doc. 19).[2] *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011), makes clear that this approach—a "nonresponsive response"—is not favored. Nevertheless, the procedural posture of the case does not permit the Court to deny leave to amend out of hand.

Plaintiffs correctly observe that Federal Rule of Civil Procedure 15(a)(2) dictates that leave to amend be "freely given when justice so requires." Furthermore, Defendant Patterson has not objected to the motion to amend. However, leave to amend can be denied where an amendment would be futile. *Feldman v. American Mememorial Life Insurance Co.,* 196 F.3d 783, 793 (7th Cir. 1999); *McGee v. Kerr-Hickman Chrysler Plymouth,* 93 F.3d 380, 385 (7th Cir. 1996). Therefore, despite Plaintiffs' enticing suggestion, the Court cannot merely

---

[2] Plaintiffs missed the response deadline entirely. Insofar as they characterize their motion to amend the complaint as a response to Defendant's motion to dismiss, Plaintiffs explain that their motion/response would have been timely filed had their attorney's sole secretary not missed work due to illness. The Court will not penalize Plaintiffs because good cause for the delay has been shown, and the two matters are so intertwined.

2

permit an amended complaint to be filed without analyzing the arguments attacking the viability of the original complaint *vis-a-vis* the proposed amended complaint. Also, the Court's congested trial calendar does not afford the Court the luxury of permitting a plaintiff to amend his complaint when a subsequent motion to dismiss would be futile.

### 1. The Applicable Legal Standards

Dismissal is warranted under Rule 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *EEOC v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007). In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *Tricontinental Industries, Inc., Ltd. v. Price Waterhouse Coopers, LLP,* 475 F.3d 824, 833 (7th Cir. 2007); *Marshall v. Knight,* 445 F.3d 965, 969 (7th Cir. 2006). Although federal complaints need only plead claims (not facts), the pleading regime created by *Bell Atlantic* requires the complaint to allege a plausible theory of liability against the defendant. *Sheridan v. Marathon Petroleum Co., LLC,* 530 F.3d 590, 596 (7th Cir. 2008); s*ee also Limestone Dev. Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803-804 (7th Cir. 2008).

In *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008), the Court of Appeals for the Seventh Circuit emphasized that even though *Bell Atlantic* "retooled federal pleading standards," notice pleading is still all that is required. "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Id. Accord Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th Cir. 2008) (the allegations "must be enough to raise a right to relief above the speculative level").

## 2. Analysis

Each claim in the original complaint will be analyzed, and then compared to the corresponding proposed amended claim.

### Counts I and III: Common Law Retaliatory Discharge

"The tort of retaliatory discharge is a limited and narrow exception to the general rule that an at-will employee is terminable at any time for any or no cause." *Geary v. Telular Corp.*, 793 N.E.2d 128, 133 (Ill. App. 1st Dist. 2003) (citation omitted). To establish a claim for retaliatory discharge, a plaintiff must show: (1) he was discharged in retaliation for his activities; and (2) the discharge violated a clearly mandated public policy. *Fellhauer v. Geneva*, 528 N.E.2d 870, 875 (Ill. 1991). As explained in *Chicago Commons Association v. Hancock*, 804 N.E.2d 703 (Ill. App. 1st Dist. 2004), the Supreme Court of Illinois has advised:

> There is no precise definition of the term. In general, it can be said that public policy concerns what is right and just and what affects the citizens of the State collectively. It is to be found in the State's constitution and statutes and, when they are silent, in its judicial decisions. Although there is no precise line of demarcation dividing matters that are the subject of public policies from matters purely personal, a survey of cases in other States involving retaliatory discharges shows that a matter must strike at the heart of a citizen's social rights, duties, and responsibilities before the tort will be allowed.

*Palmateer v. International Harvester Co.*, 421 N.E.2d 876, 878-879 (Ill. 1981) (internal citation omitted). The issue is not simply whether a protected activity is involved, the activity must strike at the heart of the claimant's social rights, duties and responsibilities—not a private and individual grievance. *Chicago Commons Association*, 804 N.E.2d at 706. "Illinois courts have allowed retaliatory discharge actions in two settings: (1) when an employee is discharged for

filing, or in anticipation of the filing of, a claim under the Workers' Compensation Act [820 ILCS 305/1 et seq.]; and (2) when an employee is discharged in retaliation for reporting illegal or improper conduct by the employer, otherwise known as 'whistle-blowing.'" *Chicago Commons Association*, 804 N.E.2d at 705 (internal citations omitted).

Plaintiffs allege that Patterson's policy of requiring employees to pay for damages and repairs to its vehicles "violates the Illinois Wage Payment and Collection Act, 820 ILCS 115/9, and the strong public policy of the state of Illinois;" and failing to pay full and proper wages "as required by state and federal law violates the strong public policy of the state of Illinois." Doc. 2-1, pp. 3 and 8-9.

In *Palmateer* the Illinois Supreme Court surveyed retaliatory discharge precedents from across the country and recognized a variety of statutory violations upon which retaliatory discharge claims had been based (421 N.E.2d at 879). However, as noted, the only specific statutory basis for a claim that has been recognized in Illinois is the Workers' Compensation Act, which is not referenced in the complaint. The only statute specified in the complaint is the Illinois Wage Payment and Collection Act, 820 ILCS 115/9. Moreover, in *McGrath v. CCC Information Services, Inc.*, 731 N.E.2d 384 (Ill. App. 1st Dist. 2000), the appellate court upheld the dismissal of a retaliatory discharge claim based on the Illinois Wage Payment and Collection Act. The appellate court concluded that the Wage Payment and Collection Act was not analogous to the Workers' Compensation Act; the public policy exception was also inapplicable to the Wage Payment and Collection Act; and there was no basis for expanding the tort of retaliatory discharge to the Act. *Id.*; *see also Geary v. Telular Corp.*, 793 N.E.2d 128, 134 (Ill.App. 1st Dist. 2003).

Insofar as the complaint references Patterson "failing to pay full and proper wages," common law retaliatory discharge claims based upon the Illinois Minimum Wage Act, 820 ILCS 105/1, also fail to state a viable claim. In *Robbins v. City of Madison,* 549 N.E.2d 947, 949 (*Ill.App.*5th Dist. 1990), an Illinois appellate court stated it "believed" that the discharge of an employee who refuses to work for less than the minimum wage mandated by the Minimum Wage Act would violate public policy and therefore could form the basis for a retaliatory discharge claim. Nevertheless, based on the claim as pleaded, the appellate court affirmed the dismissal of the claim with prejudice. In *Wilke v. Salamone*, 404 F.Supp.2d 1040, 1049 (N.D.Ill. 2005), the federal district court recognized that that statement in *Robbins* was dicta, and a retaliatory discharge claim based upon the Minimum Wage Act was rejected. Like the district court that decided *Wilke*, this Court concludes that a retaliatory discharge claim premised upon the Minimum Wage Act fails under *Palmateer*, *McGrath* and *Geary*, for the reasons previously discussed.

Under the minimal pleading requirements dictated by *Bell Atlantic Corp. v. Twombly,* Plaintiffs' reference to "federal law" and "the strong public policy of the state of Illinois" are too vague to form the basis of a claim.

Counts I and III of the original complaint fail to state a common law retaliatory discharge claim upon which relief can be granted.

**Proposed Counts I and III:  Common Law Retaliatory Discharge**

The proposed amended complaint includes the following additional pertinent facts. When asked to sign the indemnification document, Plaintiffs refused and indicated they wanted to consult an attorney. The Illinois Minimum Wage Act, 820 ILCS 105/1, which sets the minimum wage, is specifically mentioned, along with the Wage Payment and Collection Act,

6

820 ILCS 115/9. Before being discharged, each Plaintiff informed Patterson that they believed Patterson was failing to pay full and proper wages as required by state and federal law.

Plaintiffs claim that Defendant Patterson's policy requiring employees to indemnify it for damage and repairs to its vehicles violates the Minimum Wage Act and the Wage Payment and Collection Act. They also claim that failing to pay an employee full and proper wages, as required by state and federal law, violates the strong public policy of the state of Illinois. In addition, Plaintiffs claim that terminating their employment in retaliation for complaints about not being paid full and proper wages violates the strong public policy of the State of Illinois.

Citing 29 U.S.C. § 157, Section 7 of the National Labor Relations Act, regarding mutual aid and protection, Plaintiffs allege that they engaged in concerted activity to resist and protect themselves from the unilateral imposition of policies that attempted to shift potentially large normal business expenses from Patterson to Plaintiffs. Plaintiffs further claim that terminating them for their concerted activity violates the strong public policy of the United States and the State of Illinois as articulated, *inter alia*, in 29 U.S.C. § 157.

The addition of the fact that Plaintiffs told Patterson that they wanted to consult an attorney does not alter the analysis relative to the Wage Payment and Collection Act, and by extension, the Minimum Wage Act. In *Buechele v. St. Mary's Hospital Decatur,* 509 N.E.2d 744,747 (Ill.App. 4th Dist. 1987), the state appellate court held that the right to file a lawsuit regarding a Wage Payment and Collection Act claim regarding an individual injury is a purely personal right not involving any clearly mandated public policy. *See also Kavanagh v. KLM Royal Dutch Airlines*, 566 F.Supp. 242, 244-245 (N.D.Ill. 1983) (an at-will employee cannot insulate himself from discharge in a Wage Payment and Collection action by retaining an

attorney; general public policy in favor of the right to counsel is an insufficient basis for a retaliatory discharge claim).

Plaintiffs alerting Patterson that they believed it was failing to pay full and proper wages does not alter the analysis of the retaliatory discharge claim premised upon the Minimum Wage Act or the Wage Payment and Collection Act. The Minimum Wage Act is aimed at protecting employee's wages from falling below the minimum wage, and that is not alleged. *Franks v. MKM Oil, Inc.*, 2010 WL 3613983 (N.D.Ill. Sept. 8, 2010) (required reimbursement for business expenses such as bounced checks and inventory losses does not violate Minimum Wage Act if wages remain above minimum wage). Similarly, in *Kavanagh v. KLM Royal Dutch Airlines*, 566 F.Supp. 242, 245 (N.D.Ill. 1983), the district court dismissed a retaliatory discharge claim based on the Wage Payment and Collection Act because no wages had been deducted from the plaintiff's salary. The court concluded that the plaintiff lacked standing because the deduction of wages is "the *sine qua non* of a claim under the Act." *Id*.

The principal proposed change to the Plaintiffs' Retaliatory Discharge claims is the addition of a federal ground, 29 U.S.C. § 157, Section 7 of the National Labor Relations Act ("NLRA"), regarding mutual aid and protection. A public policy for purposes of a common law retaliatory discharge claim may be found in federal law. *Russ v. Pension Consultants Co., Inc.*, 538 N.E.2d 693, 697 (Ill.App. 1st Dist. 1989) (citing *Wheeler v. Catepillar Tractor Co.*, 485 N.E.2 372, 377 (Ill. 1985)). Section 7 of the NLRA gives employees a right to engage in concerted activities for the purpose of mutual aid and protection. Although mere griping to other employees is not protected, trying to enlist other employees to support one's grievance is protected. *National Labor Relations Board v. Coca-Cola Co. Foods Div.*, 670 F.2d 84, 86 (7th Cir. 1982). It is of no moment whether the business is unionized, or that the grievance is

personal, rather than related to the general wage level or working conditions. *Id*. Thus, Plaintiffs have stated a plausible retaliatory discharge claim premised upon the mutual aid and protection provision of Section 7 of the NLRA. Because this proposed claim has yet to be filed and is distinct from the claim asserted in the original complaint, the Court will not delve further into its viability. Plaintiffs will be permitted to amend their retaliatory discharge claims (Counts I and III) insofar as those claims are based on the NLRA.

For the reasons stated, Plaintiffs' proposed amendments to their retaliatory discharge claims (Counts I and III) regarding the Minimum Wage Act and the Wage Payment and Collection Act only confirm that those two Acts cannot form the basis for a legally viable common law retaliatory discharge claim. Therefore, allowing the proposed claim to be file would be futile. Accordingly, those two grounds shall be dismissed with prejudice, as Plaintiffs have failed to state a claim upon which relief can be granted.

**Counts II and IV: Illinois Whistleblower Act**

The Illinois Whistleblower Act, 740 ILCS 174/20, states in pertinent part: "An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation. . . ."

Counts II and IV of the original complaint reassert the factual scenario already laid out relative to Counts I and III. Essentially, Plaintiffs were asked to sign an indemnification document; they informed Patterson that they thought he demand was illegal and therefore declined to sign it; they were each subsequently terminated (Doc. 2-1, pp. 6 and 11). Plaintiffs again assert that Patterson's policy violates the Illinois Wage Payment and Collection Act, 820 ILCS 115/9 (Doc. 2-1, pp. 6 and 11). Plaintiffs claim that Patterson's suspension and subsequent

termination of the Plaintiffs' employment violates the Illinois Whistleblower Act, 740 ILCS 174/20 (Doc. 2-1, pp. 6 and 12).

Defendant Patterson argues that Counts II and IV must be dismissed because signing the Company Vehicle Policy (which Plaintiffs characterize as an indemnification agreement) would not result in a violation of the Wage Payment and Collection Act.

The Wage Payment and Collection Act states in pertinent part:

> Except as hereinafter provided, deductions by employers from wages or final compensation are prohibited unless such deductions are (1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; [or] (4) made with the express written consent of the employee, given freely at the time the deduction is made….

820 ILCS 115/9.

Patterson contends that the Company Vehicle Policy the Plaintiffs' were asked to sign does not state or otherwise indicate that "deductions" will be made from wages or final compensation. Rather, the Company Vehicle Policy provides that under certain circumstances individual employees may be held responsible for damage to a company vehicle. Patterson submits a copy of the Company Vehicle Policy for review (Doc. 11-1).

A court may consider documents attached to a defendant's motion to dismiss, if those documents "are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Venture Associates Corp. v. Zenith Data Systems Corp.,* 987 F.2d 429, 431 (7th Cir. 1993); *Chemetall GMBH v. ZR Energy, Inc.,* 320 F.3d 714, 718 n. 4 (7th Cir. 2003). Such a document can be considered without converting the motion to dismiss to a motion for summary judgment, as would normally be required under Federal Rule of Civil Procedure 12(d). *Chemtall GMBH,* 320 F.3d at 718 n. 4. Therefore, the Company Vehicle Policy attached to Patterson's motion to dismiss may be considered by the Court. However, portions of the Policy are illegible,

due to some sort of company watermark. The watermark obliterates what appears to be a relevant provision on the first page. Consequently, the Court declines to consider the Policy, which in turn makes it impossible to assess Patterson's argument for dismissal. Therefore, Patterson's motion to dismiss Counts II and IV must be denied.

Consequently, the Court need not analyze Plaintiffs' proposed amended version of Counts II and IV. Plaintiffs' motion for leave to file an amended complaint will therefore be granted with respect to Counts II and IV.

### 3. Conclusion

For the reasons stated, Defendant Patterson's motion to dismiss (Doc. 10) is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs Trochuck and Haveners' common law retaliatory discharge claims, Counts I and III, which are premised upon the Illinois Wage Payment and Collection Act, 820 ILCS 115/9, are **DISMISSED**, with prejudice, but only insofar as those claims are premised upon those specific Acts. Counts II and IV, asserting claims under the Illinois Whistleblower Act, 740 ILCS 174/20, may proceed.

Also, for the reasons stated, Plaintiffs Trochuck and Haveners' motion for leave to file an amended complaint (Doc. 19) is **GRANTED IN PART AND DENIED IN PART**. Because the Court has found that a common law retaliatory discharge claim cannot be premised upon the Illinois Wage Payment and Collection Act, 820 ILCS 115/9, Plaintiffs will have to re-draft the amended version of Counts I and III and premise those counts only upon 29 U.S.C. § 157, Section 7 of the National Labor Relations Act, regarding mutual aid and protection. Plaintiffs may amend Counts II and IV as proposed.

Plaintiffs' amended complaint shall be filed on or before **February 17, 2012**.

The Trial date is hereby reset to **January 7, 2013**.

**IT IS SO ORDERED.**

**DATED: February 8, 2011**

              s/ *Michael J. Reagan*
              **MICHAEL J. REAGAN**
              **UNITED STATES DISTRICT JUDGE**